IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:23-MJ-114 |
| ) | |
| ROBERT JAMES FISCHER, ) | **UNDER SEAL** |
| ) | |
| a/k/a Zach Brown ) | |
| ) | |
| and ) | |
| ) | |
| CHEERISH NOEL TAYLOR, ) | |
| ) | |
| Defendants. ) | |

GOVERNMENT'S MOTION TO SEAL COMPLAINT PURSUANT TO LOCAL RULE 49(B)

The United States, by and through undersigned counsel, pursuant to Local Rule 49(B) of the Local Criminal Rules for the United States District Court for the Eastern District of Virginia, asks for an Order to Seal the complaint and affidavit in support of the complaint until both the defendants are arrested.

**I.     REASONS FOR SEALING** (Local Rule 49(B)(1))

1.      The United States, including the FBI and the U.S. Postal Inspection Service ("USPIS"), is conducting a criminal investigation of a darknet market ("DM") vendor that operates using the monikers "SafeServe" and "Sky_HIGH" across several darknet markets. Since November of 2021, the FBI has been conducting controlled purchases of narcotics from this vendor. Three individuals—Rick Schiffner, Devin Langer, and Veronica Dittman —have been charged in a related investigation. Robert James Fischer and Cheerish Noel Taylor are being charged by complaint with Conspiracy to distribute controlled substances, including 50 grams or more of methamphetamine, a Schedule II controlled substance, and a mixture and substance

1

containing heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846.

2.  Premature disclosure of the charge against the defendants would jeopardize an ongoing criminal investigation threatening our ability to locate and arrest the defendants and may lead to the destruction of evidence, which is likely located in another District. In particular, contemporaneous with the defendants' anticipated arrests, law enforcement is taking steps to retrieve additional potential evidence in the District of Arizona. Disclosure of the complaint and affidavit in support of the complaint would provide the defendants and others with a roadmap of the ongoing criminal investigation, including the identity of agents and potential witnesses involved.

## II.   REFERENCES TO GOVERNING CASE LAW (Local Rule 49(B)(2))

3.  The Court has the inherent power to seal complaints and affidavit in support of complaints. *See United States v. Wuagneux*, 683 F.2d 1343, 1351 (11th Cir. 1982); *State of Arizona v. Maypenny*, 672 F.2d 761, 765 (9th Cir. 1982); *Times Mirror Company v. United States*, 873 F.2d 1210 (9th Cir. 1989); *see also Shea v. Gabriel*, 520 F.2d 879 (1st Cir. 1975); *United States v. Hubbard*, 650 F.2d 293 (D.C. Cir. 1980); *In re Braughton*, 520 F.2d 765, 766 (9th Cir. 1975). "The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Sealing the complaint and affidavit in support of the complaint is appropriate where there is a substantial probability that the release of the sealed documents would compromise the government's on-going investigation severely. *See e.g., In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th

Cir. 1988); *Matter of Eye Care Physicians of America*, 100 F.3d 514, 518 (7th Cir. 1996); *Matter of Flower Aviation of Kansas, Inc.*, 789 F.Supp. 366 (D. Kan. 1992).

**III.   PERIOD OF TIME GOVERNMENT SEEKS TO HAVE MATTER REMAIN UNDER SEAL** (Local Rule 49(B)(3))

4. The complaint and affidavit in support of the complaint would need to remain sealed until both the defendants are arrested.

5. Upon occurrence of the events specified in paragraph 4, pursuant to Local Rule 49(B)(3), the sealed materials will be automatically unsealed and handled as such.

6. The United States has considered alternatives less drastic than sealing and has found none that would suffice to protect this investigation. The United States will move to unseal the documents before they are set to become automatically unsealed if it determines that circumstances warrant such action.

WHEREFORE, the United States respectfully requests that the complaint and affidavit in support of the complaint and this Motion to Seal and proposed Order be sealed until both of the defendants are arrested.

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:   _____/s/_____
Heather D. Call
Assistant United States Attorney