CLOSED

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CRIMINAL DOCKET FOR CASE #: 2:23-mj-09319-ESW-2

| | |
|---|---|
| Case title: USA v. Fischer et al | Date Filed: 06/06/2023 |
| Other court case number: 1:23-mj-00114-IDD Eastern District of Virginia - (Alexandria) | Date Terminated: 06/20/2023 |

Assigned to: Magistrate Judge Eileen S Willett

**Defendant (2)**

| | | |
|---|---|---|
| **Cheerish Noel Taylor**<br>63440-510<br>*TERMINATED: 06/20/2023* | represented by | **Loyd C Tate**<br>Law Office of Loyd C Tate<br>1921 S Alma School Rd., Ste. 112<br>Mesa, AZ 85210<br>480-345-1400<br>Fax: 480-345-1431<br>Email: loydtatelaw@gmail.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: CJA Appointment* |

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| Rule 5 Complaint: 21:841(a)(1), 841(b)(1)(A), and 846 - Conspiracy to Distribute Controlled Substances, Including 50 Grams or More of Methamphetamine, a Schedule II Controlled Substance, and a Mixture and | |

Substance Containing Heroin, a Schedule I
Controlled Substance

**Plaintiff**

USA                                         represented by  **Christine Ducat Keller**
US Attorneys Office - Phoenix, AZ
2 Renaissance Square
40 N Central Ave., Ste. 1800
Phoenix, AZ 85004-4408
602-514-7500
Fax: 602-514-7760
Email: christine.keller@usdoj.gov
*TERMINATED: 06/12/2023*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Timothy Harrison Courchaine**
US Attorneys Office - Phoenix, AZ
2 Renaissance Square
40 N Central Ave., Ste. 1800
Phoenix, AZ 85004-4408
602-514-7500
Email: timothy.courchaine@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 06/05/2023 | 1 | Arrest (Rule 5 - warrants issued by Eastern District of Virginia, Alexandria) of Robert James Fischer and Cheerish Noel Taylor. (KMB) (Entered: 06/06/2023) |
| 06/12/2023 | 9 | MINUTE ENTRY for proceedings held before Magistrate Judge John Z Boyle: Initial Appearance in Rule 5(c)(3) Proceedings as to Cheerish Noel Taylor held on 6/12/2023. FINANCIAL AFFIDAVIT TAKEN. Appointing CJA Attorney Loyd C Tate on behalf of Defendant. Rule 5(c)(3) Identity Hearing waived. THE COURT FINDS Defendant is the individual named in the Complaint and warrant. Defendant reserves her right to a Preliminary Hearing for the charging district. Pursuant to request by defense counsel, IT IS ORDERED directing Pretrial Services to screen Defendant for possible Crossroads placement. Detention Hearing requested. Defendant temporarily detained pending further hearings.<br><br>As required by Rule 5(f), the United States is ordered to produce all information required by *Brady v. Maryland* and its progeny. Not doing so in a timely manner may result in sanctions including exclusion of evidence, adverse jury instructions, dismissal of charges, and contempt proceedings.<br><br>**Appearances**: AUSA Timothy Courchaine for the Government, CJA Attorney Loyd Tate for Defendant. Defendant is present and in custody. Detention Hearing set for 6/20/2023 at 01:30 PM in Courtroom 303, 401 West Washington Street, Phoenix, AZ 85003 before Magistrate Judge Deborah M Fine. (Recorded by COURTSMART.) Hearing held 3:19 PM |

| | | |
|---|---|---|
| | | to 3:24 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KGM) (Entered: 06/13/2023) |
| 06/12/2023 | 10 | SEALED CJA 23 Financial Affidavit by Cheerish Noel Taylor. (KGM) (Entered: 06/13/2023) |
| 06/13/2023 | 11 | ORDER: Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the United States is ordered to disclose in a timely manner all exculpatory evidence to the defendant(s), that is, all evidence that is favorable to the defendant(s) or tends to cast doubt on the United States' case, as required by *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Failure to comply with this order may result in consequences, including, but not limited to, the reversal of any conviction, the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, and/or sanctions by the Court.<br><br>Ordered by Magistrate Judge John Z Boyle.(KGM)(This is a TEXT ENTRY ONLY. There is no pdf document associated with this entry.) (Entered: 06/13/2023) |
| 06/20/2023 | 13 | MINUTE ENTRY for proceedings held before Magistrate Judge Deborah M Fine: Detention Hearing as to Cheerish Noel Taylor held on 6/20/2023. Defendant ordered detained pending further proceedings in the prosecuting district as a flight risk and a danger. Defendant is committed to the Eastern District of Virginia, Alexandria division. Orders to issue.<br><br>**Appearances**: AUSA Ross Arellano Edwards on behalf of Timothy Courchaine for the Government, CJA Attorney Loyd Tate for Defendant. Defendant is present and in custody. (Recorded by COURTSMART.) Hearing held 1:29 PM to 1:58 PM. This is a TEXT ENTRY ONLY. There is no PDF document associated with this entry. (KMB) (Entered: 06/20/2023) |
| 06/20/2023 | 14 | ORDER OF DETENTION PENDING TRIAL as to Cheerish Noel Taylor. Signed by Magistrate Judge Deborah M Fine on 6/20/2023. (KMB) (Entered: 06/20/2023) |
| 06/20/2023 | 15 | COMMITMENT TO ANOTHER DISTRICT as to Cheerish Noel Taylor. Defendant committed to District of Eastern District of Virginia, Alexandria division. Signed by Magistrate Judge Deborah M Fine on 6/20/2023. (KMB) (Entered: 06/20/2023) |
| 06/20/2023 | 16 | Notice to Eastern District of Virginia, Alexandria division of a Rule 5 or Rule 32 Initial Appearance as to Cheerish Noel Taylor. Your case number is: 1 :23-mj-00114-IDD. Please use PACER Court Links to access the public docket and documents. Any necessary sealed or ex parte documents will be sent in a separate e-mail.<br><br>*(If you wish to designate a different email address for future transfers, please send your request to the national list host at InterdistrictTransfer_TXND@txnd.uscourts.gov.)* (KMB) (Entered: 06/20/2023) |

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| United States of America | |
|---|---|
| v. | **ORDER OF DETENTION PENDING TRIAL** |
| Cheerish Noel Taylor | Case Number: MJ 23-09319-02-PHX-ESW |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established: *(Check one or both, as applicable.)*

☒ by clear and convincing evidence, the defendant is a danger to the community and require the detention of the defendant pending trial in this case.

☒ by a preponderance of the evidence the defendant is a flight risk and require the detention of the defendant pending trial in this case.

## PART I -- FINDINGS OF FACT

☒ (1) There is probable cause to believe that the defendant has committed

☒ an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. §§ 801 et seq., 951 et seq, or 46 U.S.C. App. § 1901 et seq.

☐ an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332(b).

☐ an offense listed in 18 U.S.C. § 2332b(g)(5)(B) (Federal crimes of terrorism) for which a maximum term of imprisonment of ten years or more is prescribed.

☐ an offense involving a minor victim prescribed in Click here to enter text..[1]

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings

☒ (1) There is a serious risk that the defendant will flee; no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

☒ (2) No condition or combination of conditions will reasonably assure the safety of others and the community.

☐ (3) There is a serious risk that the defendant will obstruct or attempt to obstruct justice; or threaten, injure, or intimidate a prospective witness or juror.

---

[1] Insert as applicable: Title 18, § 1201 (kidnapping), § 1591 (sex trafficking), § 2241 (aggravated sexual abuse), § 2242 (sexual abuse), §2244(a)(1) (abusive sexual contact), § 2245 (offenses resulting in death), § 2251 (sexual exploitation of children), § 2251A (selling or buying of children), § 2252 et seq. (certain activities relating to material involving sexual exploitation of minors), § 2252A et seq. (certain activities relating to material constituting or containing child pornography), § 2260 (production of sexually explicit depictions of minors for importation into the U.S.), § 2421 (transportation for prostitution or a criminal sexual activity offense), § 2422 (coercion or enticement for a criminal sexual activity), § 2423 (transportation of minors with intent to engage in criminal sexual activity), § 2425 (use of interstate facilities to transmit information about a minor).

## PART II -- WRITTEN STATEMENT OF REASONS FOR DETENTION
*(Check one or both, as applicable.)*

☒ (1) I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence as to danger that:
<u>As stated on record in open court.</u>

☒ (2) I find by a preponderance of the evidence as to risk of flight that:

- ☒ The defendant has no significant contacts in the charging district.
- ☒ The defendant has no resources in the United States from which he/she might make a bond reasonably calculated to assure his/her future appearance.
- ☒ The defendant has a prior criminal history.
- ☒ There is a record of prior non-compliance with court orders.
- ☐ The defendant attempted to evade law enforcement contact by fleeing from law enforcement.
- ☒ The defendant has a history of substance abuse.
- ☐ The defendant has ties to a foreign country.
- ☐ The defendant has used aliases or multiple dates of birth or false identifying information.
- ☐ The defendant was on probation, parole, or supervised release at the time of the alleged offense.
- ☐ The defendant is facing a minimum mandatory of <u>Click here to enter text.</u> incarceration and a maximum of <u>Click here to enter text.</u>.
- ☐ The Court incorporates by reference the findings in the Pretrial Services Report which were reviewed by the Court at the time of the hearing in this matter.
- ☒ In addition:

<u>As stated on record in open court.</u>

☒ (3) The defendant does not dispute the information contained in the Pretrial Services Report, except:
Click here to enter text.

☐ (4) The weight of the evidence against the defendant is great.

☐ (5) In addition:
Click here to enter text.

☐ (6) The defendant has submitted the issue of detention to the Court based upon the Pretrial Services Report.

### PART III -- DIRECTIONS REGARDING DETENTION

The defendant is committed to the custody of the Attorney General or his/her designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

### PART IV -- APPEALS AND THIRD PARTY RELEASE

IT IS ORDERED that should an appeal of this detention order be filed with the District Court, it is counsel's responsibility to deliver a copy of the motion for review/reconsideration to Pretrial Services at least one day prior to the hearing set before the District Judge. Pursuant to Rule 59, FED.R.CRIM.P., Defendant shall have fourteen (14) days from the date of service of a copy of this order or after the oral order is stated on the record within which to file specific written objections with the District Court. Failure to timely file objections may waive the right to review. *See* Rule 59, FED.R.CRIM.P.

IT IS FURTHER ORDERED that if a release to a third party is to be considered, it is counsel's responsibility to notify Pretrial Services sufficiently in advance of the hearing before the District Judge to allow Pretrial Services an opportunity to interview and investigate the potential third party custodian.

Dated this 20th day of June, 2023.

  Dated this 20th day of June, 2023.

_____
Honorable Deborah M. Fine
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| United States of America | Case Number: 23-09319MJ-002-PHX-ESW |
|---|---|
| v. | Charging District's Case No. |
| Cheerish Noel Taylor | 1:23-mj-00114-IDD |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the Eastern District of Virginia, Alexandria division. The defendant does not need an interpreter.

The defendant:  ☐ will retain an attorney.

☒ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date: 6/20/2023

Deborah M. Fine
United States Magistrate Judge

cc: USMS via email on 6/20/23 by MCC-kmb